CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 30, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs.
1040 Park Blvd. Ste. 206
Baltimore, MD 21201

Alex Gordon, AUSA
36 South Charles Street, 4th Floor
Baltimore, MD 21201

**Re: Debbie Scott o/b/o T.S. v. Michael J. Astrue,
Commissioner of Social Security, PWG-09-904**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Debbie Scott's claims for Childhood Supplemental Security Income ("SSI") on behalf of "T.S.". (ECF Nos. 8,16,26). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **DENIES** the Commissioner's Motion and **GRANTS** the Plaintiff's Alternative Motion for Remand.

Debbie Scott, on behalf of her daughter, "T.S.", ("Claimant"), applied for childhood SSI on April 27, 2006, alleging that she was disabled due to a learning disorder. (Tr. 77, 96). Her claim was denied initially and upon reconsideration. (Tr. 60-70). After a hearing before the Honorable William T. Vest, Jr., ("ALJ") on March 5, 2008, T.S.'s claim for Children's SSI benefits was evaluated using the three-step sequential process set forth in 20 C.F.R. §416.924 and the ALJ issued a decision dated March 26, 2008. The ALJ's finding at step one was favorable to Claimant. At step two the ALJ found that T.S. suffered from a learning disorder and that this impairment was severe. (Tr. 33). At step three, the ALJ found

that Claimant did not have an impairment that met, or equaled in severity, any listed impairment. (Tr. Id.). Additionally, the ALJ determined that Claimant did not have an impairment or combination of impairments that would be functionally equivalent[2] to any listed impairment. Therefore, the ALJ determined that the Claimant was not disabled for purposes of Children's SSI Benefits. (Tr. 30-40). On February 19, 2009, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 1-4).

Claimant asserts that the Commissioner's final decision should be reversed because it is not supported by substantial evidence. In her Motion, Claimant asserts the ALJ failed to evaluate all of the medical evidence regarding her alleged impairments. Specifically, she argues the ALJ improperly failed to discuss her 2006 IQ test scores in determining whether she met or equaled Listing 112.05 *Mental Retardation*. Specifically Claimant states the ALJ failed properly to evaluate her under Listing 112.05D, which, in relevant part, states:

> 112.05 *Mental Retardation*; Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in A, B, C, D, E or F are satisfied.
>    \*  \*  \*  \*
> **D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.**

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.(As of April 1, 2008)(emphasis added).

The Commissioner argues that Listing 112.05D does not apply to T.S.'s claim. Despite having a 69 Verbal score—-which the Commissioner acknowledges the ALJ did not discuss in his decision—he argues she did not allege, and there is no evidence of, any physical or other mental impairment imposing an additional and significant limitation of function.

---

[2] Pursuant to 20 C.F.R. § 416.926a functional equivalence is determined by rating a child's abilities with respect to six "domains."

After careful review of the record I agree with Claimant's contention that the ALJ failed in his duty adequately to discuss whether T.S. met or equaled 112.05D because, in 2006, her verbal IQ test score of 69 (found by Dr. Anderson) was valid, and was within the range of meeting Listing 112.05 D, i.e., between 60 and 70.

In discussing T.S.'s IQ test scores with respect to "functional equivalence", the ALJ only acknowledged T.S.'s 2002 IQ test results, the validity of which was questionable at the time of the ALJ's decision since they were no longer current.

T.S.'s IQ test results of the Weschler Intelligence Scale for Children ("WISC") were as follows:

**WISC -III dated 2002**
Verbal Score 81
Performance Score 80
Full Scale Score 79
(Tr. 164).

**WISC -IV dated 2006**
Verbal Score 69
Perceptual Reasoning 84
Working Memory 77
Processing Speed 88
Full Scale  81
(Tr. 198).

The ALJ's decision fails to recognize that T.S.'s 2002 IQ test results were arguably no longer valid at the time of his decision. The Introduction for Listing 112.00, *Mental Disorders*, in effect at the time of decision, clearly states, in relevant part:

> D. Documentation: 10. IQ test results must also be sufficiently current for accurate assessment under 112.05. ..**IQ test results obtained between ages 7 and 16 should be considered current** for 4 years when the tested IQ is less than 40, and **for 2 years when the IQ is 40 or above...**

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.(As of April 1,2008)(emphasis added).

3

Test results clearly are an important factor in determining whether the Listing has been met. T.S.'s 2006 verbal IQ score was between 60 and 70, and at the date of the ALJ's decision was the most recent verbal IQ score. Therefore it was valid. (Tr. 36, 200). Pursuant to this score it appears as though "T.S." meets the criteria in subsection D of 112.05, yet in his decision the ALJ discusses only the 2002 test scores-- which were more than 2 years old at the time of the hearing and therefore were no longer current.(Tr. Id.). *See Zamora v. Massanari*, (N.D. Ill.) (2001 WL 766374 **11)(test scores more than two years old at time of hearing were no longer current). More importantly, as a result of the consultative examination and testing Dr. Anderson diagnosed T.S. with more than just one disorder. Her report states that T.S. has a "cognitive disorder not otherwise specified, a reading disorder, an expressive language disorder, and a mathematics disorder." (Tr. 200). Because the ALJ did not discuss how much weight he assigned to Dr. Anderson's report and only discussed it in a summary fashion, the undersigned is not able say that the decision is supported by substantial evidence. (Tr. 36) (Cf. *Woodhouse v. Astrue* 696 F. Supp. 2d 521 (D. Md. 2010) (ALJ finding of no mental retardation is supported by substantial evidence when ALJ indicates why report is of limited probative value, other reports are examined and school records indicate student functioning at grade level).

In sum there is medical evidence which arguably supports a finding that T.S. has an additional physical or mental arguably and an IQ test score that meets subsection D of Listing 112.00. The ALJ's decision failed to discuss the evidence of record in light of subsection D. I do not know whether the ALJ considered this evidence, but discounted it for reasons supported by the record or overlooked it entirely. Accordingly, I am not able to say the ALJ's decision is supported by substantial evidence.

Because the ALJ's decision is not supported by substantial evidence, the Commissioner's Motion for Summary Judgment will be **DENIED** and the Claimant's Alternative Motion for Remand will be **GRANTED**. On remand the ALJ is to consider all of T.S.'s severe impairments and IQ test results, in accordance with the directives found in 112.00, including the introductory Section, in determining whether or not she met the relevant listing(s). A separate Order shall issue.

4

```
                                        _____/s/_____
                                        Paul W. Grimm
                                        United States Magistrate Judge
DATED: 3/30/11
```